## STATE OF OHIO, EX REL. KUEHNERT, v. BOARD OF EDUCATION.

To Control Discretion of Board of Education.

Where it appears that a board of education of a city, in response to a writ of mandamus requiring it to fix the compensation to be paid to a member of the board of school examiners, under sec. 4082, Rev. Stat., has failed substantially to comply with such order, and either wilfully and in bad faith, or (as in this case) from mistake and misapprehension of the real facts has fixed a mere nominal and wholly insufficient amount, the court issuing such writ may properly call upon such board to review its action in the light of the facts as found; and while it will not control or interfere with judicial discretion, if exercised in good faith, it will see and require that a fair and legitimate attempt be made by it, to comply with the order of the court.

Vol. IV.                                  CIRCUIT COURTS.                                   **439**

93                              State ex rel. Kuehnert v. Board of Education.

SMITH, J.

The question now presented to us, is this:   Whether the Board of Education of the city, has, in good faith, attempted to comply with the writ of mandamus heretofore allowed to issue against it in this case, requiring it to proceed and dis-charge the duty imposed upon it by law, of fixing the compensation of Mr. Kueh-nert, lately one of the school examiners, from the commencement of his term, viz.: November 10, 1884, up to April 15, 1888.

On the former hearing of the case it appeared that until August 26, 1888, the board of education had not fixed the amount of the compensation of the examin-ers, though the law requiring them to do so, has been in force for many years. On that day it duly determined that from and after August 31, 1888, each of the exam-iners should receive for his services, the sum of $300 per annum.   It was further ordered by the board, that each examiner who was in office from April 16th to August 31st, 1888, should receive for his services during that time, the sum of $112.50, which was also at the rate of $300 per annum.   This latter sum was drawn by Mr. Kuehnert, whose term of office expired August 31, 1888.

On the issuance of the writ of mandamus requiring the Board of Education to fix the compensation to be paid to Kuehnert, for the period from November 10, 1884, to April 15, 1888, being over three years and five months, it allowed him but the sum of $1 for all of this time.   And we are now asked by the relator in this proceeding against the members of the board, to have them show cause why they should not be attached for contempt in refusing to obey the order of the court, to take some action, the effect of which will be to require the board to do that which they were directed to do, but which it is alleged that they have wilfully refused to comply with.

We have heard the statements and evidence of quite a number of the members of the board in answer to these allegations and in explanation of their conduct and in view of all the circumstances disclosed, we have had difficulty in arriving at a conclusion as to what action should now be taken by us.   We state as briefly as possible, the result.

First—We think it entirely clear from the testimony, that the relator has, from the time of his appointment until the close of his term, rendered regular and val-uable services as a member of the board of examiners—several weeks of each year having been devoted to the discharge of the duties of his office.

Second—That nothing has been done by him which in any way waived his right to compensation for services rendered by him prior to April 15, 1888, or which tends to show that he agreed that the sum of $112.50 so paid him was to be re-ceived by him in full satisfaction of his entire claim.

Third—That it was the understanding and belief of the board of education at the time the allowance of $112.50 to each of said examiners in office was voted, that it was to be in satisfaction and payment of all claims of said examiners up to that time.   And that this is the reason, and not from any desire or purpose to dis-obey the order of the court, that the sum of $1.00, (which it is unnecessary to say is practically no compensation at all,) was fixed by the board as the compensation of Mr. Kuehnert for several years' service.

On this state of the case, we are of the opinion that owing to this mistake and misapprehension on the part of the board there has not been a substantial com-pliance with the order of the court in this matter.   While the court can not control judicial discretion, if exercised by a board of this kind in good faith, yet we think it has the right to see and require that a fair and legitimate attempt has been made to comply with the order of the court.   And while on the question of an amount to be fixed, and which has to be done under the sanction of the official oath of those called upon to do it, the court will not closely scrutinize or investigate the question whether the discretion has been properly exercised, it will look at what has been done, and if it clearly appears that it was not done in good faith, or the amount de-

termined upon makes it manifest in view of all the circumstances of the case, that the tribunal has been honestly mistaken, and to such an extent that the result will shock the conscience of any disinterested person, the court should call upon the tribunal to review its action.

We think it should be done in this case. The amount fixed by the board for near three and one-half years of service beyond all question is grossly inadequate. We have found that it was done under a mistake as to the facts of the case, viz.: that the relator had agreed to receive the $112.50 in full for all of his services. If he had, they were right in their action, and we would not in any way aid him to obtain any additional compensation. We think that the action of some members of the board of examiners, led the board of education to this belief, which they evidently entertained. But Mr. Kuehnert was no party to this arrangement.

Under all the circumstances what we think should be done is this. That the board of education should again, and in the light of the facts and the finding of the court, consider this claim of Mr. Kuehnert for compensation, from the time of his appointment until the close of his term, August 31, 1888, and having fixed this amount, deduct therefrom the $112.50 already paid, and thus arrive at the amount remaining due. This we think would accomplish substantial justice in the case. And without stating with more particularity what our views of the many difficult or important legal questions arising in the case may be, or what our judgment will be on the motion for an attachment if the course suggested is not adopted, we now recommend that this course be pursued, and the case thus adjusted on what seem to us principles of equity and right.

Of course what we have said applies to this case alone. It is suggested that others have like claims, and there is reason to believe that some of those persons understood and agreed that the payment of $112.50 was in full for all of their services, and was so received. If this be so, we have said that they would probably be bound by it. But that question is not before us, and is not passed upon. This case will be continued for fifteen days, to allow action upon the part of the board of education.

Cox, J. (dissenting): I think the action of the board of education upon the allowance of the peremptory writ issued against them was a substantial compliance with the order of the court, and that they should be dismissed.

On the original hearing of the case, the court was in doubt as to whether in the allowance to Mr. Kuehnert it was intended to embrace all of the salary due him from the passage of the law fixing compensation. But from the return of the board and the evidence taken thereunder, I am convinced that it was their intention to so allow him, and that it was a fair compensation, and so understood by the parties and that the subsequent allowance of one dollar in addition, with the explanation as to their intention in the original allowance, is a sufficient answer to the writ, and shows that the board has acted in good faith to the court and all the parties, and has exercised properly the discretion vested in them by the law.

Mem.—The board of education having followed the suggestion of the court, and allowed the relator the sum of $50.00 per annum for his services as examiner, and deducted therefrom the amount paid, the application for an attachment was refused.

C. W. Merrill attorney for the Relator.

L. M. Hadden, ass't city solicitor, for defendants.